# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Elaine E. Bucklo | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 7192 | **DATE** | 5/13/2002 |
| **CASE TITLE** | Gomez vs. Schomig | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
  ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] The state has until 5/31/02 to produce the state court record and respond to the merits of Mr. Gomez's right to testify claim and Mr. Gomez has until 7/1/02 to file a reply addressing the procedural default of his ineffective assistance of counsel claim and the merits of both of his claims. Ruling set for 8/9/02 at 10:00 a.m. Enter Memorandum Opinion and Order.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | 3 number of notices | Document Number |
| | No notices required. | | |
| ✓ | Notices mailed by judge's staff. | MAY 14 2002 date docketed | 20 |
| | Notified counsel by telephone. | | |
| | Docketing to mail notices. | CDY docketing deputy initials | |
| | Mail AO 450 form. | | |
| | Copy to judge/magistrate judge. | 5/13/2002 date mailed notice | |
| MPJ courtroom deputy's initials | | MPJ mailing deputy initials | |

Date/time received in central Clerk's Office

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

UNITED STATES OF AMERICA ex rel.
ARIEL GOMEZ,
    Petitioner,

v.    No. 01 C 7192

JAMES M. SCHOMIG,
    Respondent.

**DOCKETED**

**MAY 1 4 2002**

<u>MEMORANDUM OPINION AND ORDER</u>

At least one Illinois court has held that Ariel Gomez is not guilty of murder, but he is currently serving a thirty-five year sentence for that crime. He petitions for a writ of habeas corpus, 28 U.S.C. § 2254, asking for a new trial. The state has filed an answer, and Mr. Gomez a reply, but there are questions that require further briefing.

I.

On June 13, 1997, the night the Chicago Bulls won their fifth National Basketball Association championship, Mr. Gomez, then seventeen years old, and four of his friends were driving around the northwest side of Chicago, Illinois, in his mother's Nissan Pathfinder.[1] Jose Dominguez was driving, and, at the intersection of Cicero and Diversey, several men threw bricks and stones at the

---

[1] These facts are taken from Mr. Gomez's petition and from the order of the Illinois Appellate Court denying his appeal. See *People v. Gomez*, No. 1-98-4474, slip op. (Ill. App. Ct. Sept. 7, 2000) ("App. Order").



car. Mr. Gomez told Mr. Dominguez to pull over, and Mr. Gomez pulled a .45 caliber semiautomatic pistol from under the hood of the car. Mr. Dominguez drove back toward the intersection with Mr. Gomez in the passenger seat, and as the car approached the crowd of people at the intersection, Mr. Gomez says he fired once into the crowd. Other witnesses at the scene said that they heard anywhere from two to five shots. One shot hit and killed Concepcion Diaz.

Mr. Gomez and his friends fled the scene, wrecked and abandoned the car, and returned to Mr. Gomez's house. Mr. Gomez stashed the gun behind the television set in his home. A witness gave the police the license number of the Pathfinder, and the police found it crashed into a wall with bricks tied to the accelerator. They caught up with Mr. Gomez and his friends at the Gomez home, where all five were arrested, and each later gave a statement to the police. Mr. Gomez told the police where they would find the gun, and the police recovered it during a consensual search.

Mr. Gomez was charged with first-degree murder and tried in a joint bench trial with his four co-defendants. Although the cases were technically severed, the judge heard evidence against all of the defendants simultaneously. None of the defendants testified at trial, although all of their statements to the police were admitted. In his statement, Mr. Gomez told the police that "no one in the group on the street had any guns or weapons," but forensic

evidence showed that the bullet that killed Mr. Diaz could not have come from the gun recovered from Mr. Gomez. The trial judge accepted this finding, but speculated that there was another gun that Mr. Gomez had concealed that fired the fatal shot. Mr. Gomez was convicted of first-degree murder, and Mr. Dominguez was found guilty of the same crime on a theory of accountability. The other three co-defendants were acquitted. Mr. Gomez appealed to the Illinois Appellate Court, where he challenged the sufficiency of the evidence and argued, among other things, that he did not knowingly and voluntarily waive the right to testify and that his trial counsel was ineffective. He lost, and the Illinois Supreme Court denied his petition for leave to appeal on January 29, 2001.

Mr. Dominguez also took his case before the Illinois Appellate Court, and eight months after the court affirmed Mr. Gomez's conviction, the Court held that there was insufficient evidence of *Mr. Gomez's* guilt on the murder charge to hold Mr. Dominguez accountable. *See People v. Dominguez*, No. 1-98-4519, slip op. at 11-12 (Ill. App. Ct. May 17, 2001). The same judge presided over the *Gomez* and *Dominguez* panels. Because the trials were technically severed, the evidence was considered separately against each defendant. The evidence against Mr. Dominguez was virtually identical to the evidence against Mr. Gomez; the only difference was that Mr. Dominguez's own statement to the police was admitted. Portions of Mr. Gomez's statement were admitted as to Mr.

3

Dominguez, *id.* at 8, but not Mr. Gomez's statement that nobody else in the crowd had any weapons. The appellate court found that the trial court had improperly inferred, in the absence of any evidence that Mr. Gomez was the only shooter, that Mr. Gomez must have used another gun and disposed of it. *Id.* at 12. It is a manifest injustice that Mr. Gomez should sit in prison, convicted of that crime while his co-defendant should be cleared of it on the grounds that one cannot have accomplice liability if the principal--Mr. Gomez--is innocent. However, innocence is not an independent constitutional claim, *Schlup v. Delo*, 513 U.S. 298, 316 (1995), so I confine myself to the constitutional claims in Mr. Gomez's petition.

II.

In his habeas corpus petition, Mr. Gomez again claims that he did not knowingly and voluntarily waive the right to testify, and that his trial counsel was ineffective in failing to advise him of that right. The state argues that both of Mr. Gomez's claims are procedurally barred, and it does not attach the state court record because it "believes the issues raised can be disposed on based on the filed pleadings"; *i.e.*, on the basis of procedural default. Specifically, the state argues that I may not reach the merits of Mr. Gomez's constitutional claims because the Illinois Appellate Court disposed of them based on an independent and adequate state ground: waiver for failure to raise them in his motion for a new

4

trial.

An adequate and independent state ground bars federal habeas review of constitutional claims only if "the last state court rendering a judgment in the case '"clearly and expressly"' states that its judgment rests on a state procedural bar." *Harris v. Reed*, 489 U.S. 255, 263 (1989). The state court must have actually relied on the procedural bar as an independent basis for disposing of the case, *id.* at 261, and review is barred even if the state court reaches the merits of the claim in the alternative as long as it has explicitly invoked a procedural bar, *id.* at 263 & n.10. Here the Illinois Appellate Court was the last state court to consider Mr. Gomez's case; the Illinois Supreme Court denied review. The appellate court noted that Mr. Gomez had not raised either of his constitutional arguments in his motion for a new trial, and that the *state had argued* that the claims were waived. App. Order at 10, 12. The court merely noted the possibility of waiver of the right to testify claim, but decided the claim on its merits. *Id.* at 10-11. The court did not explicitly adopt the state's argument as it did with the ineffective assistance of counsel claim, which I discuss below. The right to testify claim is therefore not barred under the "adequate and independent state ground" doctrine. *See Harris*, 498 U.S. at 266 (holding that state court's statement that certain claims "could have been raised on direct appeal" "f[ell] short of an explicit reliance on a state-law ground."); *see also*

5

*United States ex rel. Bell v. Pierson*, 267 F.3d 544, 556 (7th Cir. 2001) (finding no "explicit reliance" on adequate and independent state grounds of waiver and res judicata where, although court explicitly referenced the doctrines, it did not explicitly apply them, and instead considered merits). The state offers no other reason why I may not reach the merits, nor does it offer any argument on the merits, so it must produce the state court record and respond to this claim on the merits.

However, the appellate court did "clearly and expressly" find that Mr. Gomez had waived his ineffective assistance of counsel claim by failing to raise it in his motion for a new trial before it discussed the merits of the claim. *See* App. Order. at 12 ("The State correctly notes that defendant failed to raise this issue in his motion for a new trial and has therefore waived it on appeal. . . . Waiver aside . . . . "). Waiver is an "adequate and independent state ground" for the appellate court's decision to deny the claim for ineffective assistance of counsel, *see Whitehead v. Cowan*, 263 F.3d 708, 726-27 (7th Cir. 2001) (failure to raise argument in post-trial motion), and the appellate court's consideration of the merits in the alternative does not eliminate the procedural bar, *see Harris*, 498 U.S. at 263 & n.10, so I may not reach the merits unless Mr. Gomez can demonstrate either (1) cause and prejudice for the failure to raise his ineffective assistance of counsel claim in his motion for a new trial, or (2)

6

that my failure to consider his claims would result in a fundamental miscarriage of justice, *Coleman v. Thompson*, 501 U.S. 722, 750 (1991).

Mr. Gomez might demonstrate that his post-trial counsel's failure to raise a claim based on the ineffective assistance of his trial counsel was the cause for his failure to raise it in his post trial motion, *see McCleese v. United States*, 75 F.3d 1174, 1179 (7th Cir. 1996) (holding that, where petitioner is represented by different counsel on trial and appeal, failure to raise ineffective assistance of trial counsel on appeal may be excused by demonstrating ineffective assistance of appellate counsel), but he did not raise this argument in the state courts, so he has procedurally defaulted this claim as well. *See Edwards v. Carpenter*, 529 U.S. 446, 453 (2000) (holding that "ineffective-assistance-of-counsel claim asserted as cause for the procedural default of another claim can itself be procedurally defaulted" by failing to raise it in the state courts). Mr. Gomez does not argue that he can demonstrate cause and prejudice for his failure to raise the ineffective assistance of his post-trial counsel in the Illinois courts, so I may not consider that as cause for the procedural default of his original ineffective assistance claim. *Id.*

Nonetheless, although Mr. Gomez cannot demonstrate cause and prejudice at both levels, I may reach the merits of his ineffective

7

assistance claim if failing to do so would result in a fundamental miscarriage of justice. *See id.* at 451. Where a claim of actual innocence is strong enough to undermine a court's confidence in the outcome of the trial unless the court is satisfied that no constitutional error occurred, examination of the merits of a procedurally defaulted claim is necessary to prevent a fundamental miscarriage of justice. *Schlup*, 513 U.S. at 316. The "claim of innocence is 'not itself a constitutional claim, but instead a gateway through which a habeas petitioner must pass to have his otherwise barred constitutional claim considered on the merits.'" *Id.* at 314 (quoting *Herrera v. Collins*, 506 U.S. 390, 404 (1993)). To be credible, a claim of actual innocence must be supported by "new reliable evidence," *id.* at 324, that was "either excluded or unavailable at trial," *id.* at 328.[2] To reach the merits of his defaulted claim, Mr. Gomez must "show that it is more likely than not that no reasonable juror would have convicted him in light of the new evidence." *Id.* at 327. This is "a stronger showing than that needed to establish prejudice[, but] the showing of 'more

---

[2] The "new reliable evidence" standard here is distinct from the requirement under Fed. R. Crim. P. 33 that a "new trial based on *newly discovered evidence* is warranted only if the new evidence: 1) becomes available only after trial; 2) could not have been discovered earlier with the exercise of due diligence; 3) is material and not cumulative; and 4) would probably lead to an acquittal." *United States v. Pointer*, 17 F.3d 1070, 1073 (7th Cir. 1994) (emphasis added). The Court in *Schlup* imposed no similar diligence requirement for new evidence of innocence to overcome procedural default.

likely than not' imposes a lower burden of proof than the 'clear and convincing' standard required under *Sawyer [v. Whitley*, 505 U.S. 333 (1992) (applying "actual innocence" to death penalty sentencing phase)]." To determine whether Mr. Gomez can meet this standard, I must consider any new evidence, together with the evidence introduced at trial, and I may assess the credibility of trial evidence in light of the new evidence. *Id.* at 330.

Here the most obviously exculpatory evidence--the ballistics evidence showing that the bullet that killed Mr. Diaz could not have come from the gun recovered from Mr. Gomez--*was* presented at trial, so it is not "new evidence" as contemplated by *Schulp*. But the appellate court noted that, because the trials were technically severed, the trial judge did not consider any of the statements of the co-defendants as to Mr. Gomez, App. Order at 6, so Mr. Dominguez's statement that there was only one bullet in the gun when Mr. Gomez shot into the crowd, *see Dominguez*, slip op. at 11, is "new evidence." *See Schlup*, 513 U.S. at 328 (noting that relevant evidence that was excluded at trial may be considered as new evidence of actual innocence). If Mr. Gomez's constitutional claims are credited, his own testimony that he shot his gun only once and that he heard other shots fired, *see* Petition ¶ 48, was also "unavailable" at trial because he was not aware that he had a right to testify on his own behalf. *See Wyzykowski v. Department of Corrections*, 226 F.3d 1213, 1218 (11th Cir. 2000) (holding that,

9

where petitioner pleaded guilty and procedurally defaulted constitutional claims by failing to appeal, he could overcome procedural default with "new evidence, in particular his own testimony" to establish actual innocence); *cf. Bousley v. United States*, 523 U.S. 614, 631 (1998) (Scalia, J., dissenting) (expressing skepticism about petitioner's use of own testimony to establish actual innocence after admitting to offense in guilty plea). To determine whether this evidence, together with any other new evidence that Mr. Gomez has to demonstrate his actual innocence, is enough to show that it is more probable than not that no reasonable person would have convicted him, requires a thorough consideration of the evidence introduced at trial, *see Bell*, 267 F.3d at 547, for which I must have the complete state court record.

III.

If Mr. Gomez can overcome his procedural default, I may examine the merits of his claim of ineffective assistance of counsel. The sum of the state's argument, after stating the standard of review from *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000), is that Mr. Gomez has failed to cite any law supporting a claim that the state appellate court's disposition of his ineffective assistance claim was contrary to or an unreasonable interpretation of federal law, as determined by the United States Supreme Court. *See* 28 U.S.C. § 2254(d)(1); *Williams*, 529 U.S. at 412-13. It offers no argument on the merits of the right to testify

10

claim. I ORDER the state to produce the state court record and a response to the merits of Mr. Gomez's right to testify claim no later than May 31, 2002. Mr. Gomez has until July 1, 2002, to file a reply addressing the procedural default of his ineffective assistance of counsel claim and the merits of both of his claims.

ENTER ORDER:

_____
**Elaine E. Bucklo**
United States District Judge

Dated: May 13, 2002